**E. M. HUNTER, Appellant,**

v.

**James G. ALDRIDGE, Appellee.**

**No. 5130.**

Court of Civil Appeals of Texas,
Waco.

March 23, 1972.

———◆———

Potter, Lasater, Guinn, Minton & Knight,
F. Wilbert Lasater, Tyler, for appellant.

Middleton, Wright, Winborn & Bedsole,
R. L. Middleton, Jr., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Hunter from an order overruling his plea of privilege to be sued in Smith County.

Plaintiff Aldridge sued defendant Hunter in Dallas County, alleging defendant wrongfully converted plaintiff's carpet valued at $1007.80, and prayed for judgment for $1007.80. Defendant filed plea of privilege to be sued in Smith County, the county of his residence. Plaintiff controverted, asserting venue in Dallas County by virtue of Subdivision 5, Article 1995 Vernon's Ann.Tex.St.

The trial court, after hearing, overruled defendant's plea of privilege.

Defendant appeals on 3 points, contending the trial court erred in overruling his plea of privilege; and in holding venue could be maintained in Dallas County under Subdivision 5, Article 1995, because this is not a suit upon a written obligation expressly made performable in Dallas County, but is instead a tort suit for conversion.

Plaintiff alleged he had a written lease with defendant whereby he leased defendant's house in Dallas; that he purchased carpet to be temporarily placed in such house; that such carpet was fastened to carpet boards which were fastened to the floor of the house; that such carpet was not attached to the floor of the premises; that plaintiff vacated the premises and defendant would not allow plaintiff to remove the carpet; that the value of the carpet was $1007.80; that "defendant's wrongful refusal to allow plaintiff to remove plaintiff's carpeting * * * resulted in the wrongful conversion by defendant of plaintiff's property * * *"; and plaintiff prayed for judgment for $1007.80.

Plaintiff introduced his written lease; and testified he paid for the carpeting; that it "was installed with tack boards", and this "was tacked to the floor"; that defendant talked with plaintiff about paying plain-

**800**

tiff something for the carpet before plaintiff moved out of the house, but did not pay him anything, and that defendant was now in possession of the house.

Subdivision 5, Article 1995, provides:

"If a person has contracted in writing to perform an obligation in a particular county * * * suit upon or by reason of such obligation may be brought against him * * * in such county * * *."

Plaintiff asserts because he had a written lease of defendant's house, that Subdivision 5 is applicable. We disagree. Plaintiff's cause of action is for wrongful conversion and is in tort. The written lease might be evidence as to whether or not defendant converted plaintiff's carpet, but plaintiff's cause of action is not upon or by reason of the lease. Subdivision 5 is not applicable.

Defendant's contentions are sustained.

The judgment is reversed and here rendered transferring the cause to the County Court of Law of Smith County.

Reversed and rendered.